MARGARET THOMPSON, Appellant, *v*. HARRY P. HYNDS and THOMAS McDERMOTT, Respondents.

Money Lost by Agent—Recovery by Principal.

Th3 was an action brought by plaintiff to recover certain moneys which she had confided to her husband as her agent for the purchase of mining stocks, and which the husband had gambled away to the defendants. *Held*, that the husband was acting in the capacity of agent, and, if an agent gambles away the money of a principal, such transaction gives no title to the winner, and the principal can recover back the money.

(No. 793.    Decided June 14, 1897.)

Appeal from the Third district court, Salt Lake county. John A. Street, *Judge.*

Action of quasi-contract by Margaret Thompson against Harry P. Hynds and Thomas McDermott. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Moyle, Zane & Costigan,* for appellant.

*Powers, Straup & Lippman,* for respondents.

Per curiam.    This action was brought by the appellant to recover from the defendants certain moneys which had been by her confided to her husband for the specific purpose of investing in mining stocks, which moneys her husband had gambled away to defendants. The case was tried before a jury, and a verdict was rendered in favor of the defendants. A bill of exceptions was settled upon the judgment, and an appeal taken to this court from the judgment within 60 days from its rendition. At the close of the evidence counsel for plaintiff asked the court to

instruct the jury as follows: "As to the $1,000.00, less $33.20, confided by the plaintiff to her husband as her agent on and after August 23, 1894, there is no competent evidence to contradict plaintiff's proof that it was her money, and was gambled away at faro to the defendants, and as to that amount she is entitled to recover in this action. This was the money received from the McGurrin mortgage." The court refused to give the instruction asked for, and the plaintiff excepted. The testimony on the part of the plaintiff tends to show that $1,000, less $33.20, of the money referred to, was played into the defendants' gambling house by plaintiff's agent, lost on a gambling game. The defendants introduced testimony tending to show that Thompson lost some money at the gambling table, but that he also won considerable amounts at different times, and that he also won and lost considerable sums of money at another gambling house during or about the same period of time, but no testimony was offered denying the fact testified to by Thompson that the $1,000 less the $33.20 was lost at defendants' gambling table, and that the plaintiff owned the money, and gave it to Thompson, as her agent, for the purpose of buying mining stocks. This testimony being uncontradicted, the plaintiff was entitled to the instruction asked for. Thomas R. Thompson, husband of plaintiff, testified that he gambled away the proceeds of 10 shares of stock in the defendants' gambling house. He was then asked by plaintiff's counsel if that was while he was acting as his wife's agent, and replied that it was. Counsel for defendants then moved to strike out the answer. The answer was stricken out, and an exception taken by plaintiff. We think this testimony was proper. If the witness was acting as the plaintiff's agent, for the purpose of investing this money in stocks at that time, it was a proper

matter to go before the jury. If a servant or agent gambles away money of the principal, such transaction gives no title to the winner, and the principal can recover, back, the money. *Pierson* v. *Fuhrmann*, (Colo. App.) 27 Pac. 1015; Huffcut, Ag. pp. 183, 185, §§ 169, 172; *Mason* v. *Waite*, 17 Mass. 560; *Corner* v. *Pendleton*, 8 Md. 337; *Burnham* v. *Fisher*, 25 Vt. 514; Keener Quasi Cont. 183, 188. Many other errors are assigned in the record, but we do not consider it necessary to discuss them. The judgment is reversed, and a new trial ordered.